IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL DEANDRE BROWN, | : |
| Plaintiff, | : Case No. 1:22-cv-00239 |
| v. | : Chief Judge Algenon L. Marbley |
| LINNEA MAHLMAN, *et al.*, | : Magistrate Judge Karen L. Litkovitz |
| Defendants. | : |

**OPINION & ORDER**

This matter comes before the Court on the Magistrate Judge's July 13, 2022, Report and Recommendation (ECF No. 9). Plaintiff timely objected to the Report and Recommendation (ECF No. 12). For the following reasons, Plaintiff's Objections are **OVERRULED IN PART and SUSTAINED IN PART**, and the Report and Recommendation is **ADOPTED AS MODIFIED**.

**I.     BACKGROUND**

Plaintiff Michael DeAndre Brown is an Ohio prisoner, currently held at the Southern Ohio Correctional Facility ("SOCF"). (ECF No. 1-1 at 5). Brown's Complaint (ECF No. 1-1) alleges a series of incidents, involving harassment, threats, and retaliation against him by correctional officers at SOCF. (*See id.*; ECF No. 4 at 18). The Complaint names over 20 defendants, consisting primarily of correctional officers but also including Mike DeWine, the Governor of Ohio, Annette Chambers Smith, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), and a John Doe defendant. (ECF No. 1-1 at 4–5). Ultimately, Brown asks this Court to award him $750,000 in damages and to issue a temporary restraining order ("TRO") and

1

preliminary injunction ("PI") "against Warden Ron Erdos and all his staff placing plaintiff in protective custody or in lieu transferring plaintiff to another facility." (ECF No. 5 at 1).

Brown, proceeding without the assistance of counsel, first filed suit against correctional officers at Ross Correctional Institution ("RCI") on October 29, 2021. (*See* ECF, Case No. 2:21-cv-05146). Magistrate Judge Jolson dismissed Brown's Motion to Supplement (ECF No. 8) because Brown sought to add allegations unrelated to Defendants in that case; instead, she suggested that the allegations in Brown's Motion to Supplement would be more "properly brought in a separate complaint in a separate case." (*Id.* at 1). As a result, Brown initiated this case in May 2022. (*See* ECF, Case No. 1:22-cv-00239). As the two cases were deemed related, this action was transferred from Judge McFarland to Chief Judge Marbley. (*See* ECF No. 3, Case No. 1:22-cv-00239). The two cases are proceeding separately.

In this action, Brown has moved for leave to proceed *in forma pauperis* (ECF No. 1), submitted a Complaint (ECF No. 1-1), filed a Supplemental Complaint (ECF No. 4), and asked for a TRO and PI (ECF No. 5). The Magistrate Judge granted Brown's motion to proceed *in forma pauperis* (ECF No. 7) and issued a Report and Recommendation ("R&R") (ECF No. 9). The R&R suggested that this Court deny Brown's motion for a TRO and PI. (*Id.* at 1). Additionally, the Magistrate Judge, pursuant to the initial screening of Brown's complaint as required by law, *see* 28 U.S.C. §§ 1915(e)(2), 1915A(a), recommended that this Court dismiss all of Brown's claims except his retaliation claim against Defendant Deemer. (*Id.*). Brown filed correspondence, labeled as "Letter from Michael Brown regarding a couple questions" on the docket, within 14 days of the issuance of the R&R. (*See* ECF No. 12). As the Letter disputes some of Magistrate Judge Litkovitz's recommendations, this Court construes the correspondence as an objection to the R&R, which it now reviews.

2

## II. STANDARD OF REVIEW

If a party objects within 14 days to the magistrate judge's proposed findings and recommendations, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b).  On the other hand, if a party fails to object timely to the magistrate's recommendation, that party waives the right to *de novo* review by the district court of the report and recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  Waiver does not, however, "preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The onus is on the objecting party "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted).  When a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In actions brought by "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," the Court must dismiss any complaint, or portion thereof, that is "frivolous, malicious, fails to state a claim . . . [or] seeks monetary relief from a defendant who is immune to such relief" in its initial screening. 28 U.S.C. § 1915A(a)–(b). This Court assesses whether a plaintiff has stated a claim under § 1915A using the same framework as the Rule 12(b)(6) dismissal standard outlined in *Ashcroft v. Iqbal*, 556 U.S 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) — that is, to survive the initial screening, a prisoner's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 570–71 (6th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). And though the court "need not accept as true a legal conclusion couched as a factual allegation," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)).

Finally, allegations in a *pro se* complaint are subject to "'less stringent standards than formal pleadings drafted by lawyers,' and therefore should be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)), but even "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (internal citations omitted). A *pro se* plaintiff must

4

still provide "basic pleading essentials," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted), which include the obligation to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

### III. ANALYSIS

#### A. Objections to R&R

The Magistrate Judge construed Brown's Supplemental Complaint (ECF No. 4) as a motion to supplement, which she then granted. (ECF No. 9 at 3–4). Accordingly, the Magistrate considered Brown's original Complaint (ECF No. 1-1 at 1–7), attachments to that Complaint (ECF No. 1-1 at 8–26), and portions of the Supplemental Complaint and its attachments (ECF No. 4 at 2, 17–20, 8–16, 21–95), together as a single Combined Complaint, which has been filed by the Clerk of the Court in the docket. (*See* ECF No. 11). The Report and Recommendation understood Brown's disparate materials, as collected in the Combined Complaint, as alleging the following claims under 42 U.S.C. § 1983: (1) claims against Officer Dustin Deemer, which include retaliation, harassment, use of excessive force, destruction of personal property, and denial of access to courts; (2) an excessive force claim against John Doe; (3) grievance procedure claims against Mahlman, Sparks, Whitman, and Wilson; (4) failure to protect claims against Dryer, Bloc,[1] Born, Lewis, Williams, Hale, and Sammons; (5) conditions of confinement claims; (6) institutional mail and legal mail issues; (7) violations of state policy claims against Pollard, Davis, Hale, and Reuter; (8) *respondeat superior* claims against Governor DeWine, ODRC Director Chambers Smith, and Warden Erdos; and (9) unspecified claims against remaining named defendants. (*See generally* ECF No. 9). Magistrate Judge Litkovitz recommended that Brown be allowed to

---

[1] There is some confusion as to whether the defendant's surname is Bloc or Block. (*See* ECF No. 9 at 15).

proceed on the retaliation claim against Officer Deemer, but that the remaining claims be dismissed. Brown's response raises objections to three specific sections of the Report and Recommendations.

1. *Claims Against Mahlman and Whitman*

First, he disputes the Magistrate Judge's recommendation that the claims against Defendants Mahlman and Whitman be dismissed. (ECF No. 12 at 1). Specifically, he suggests that Mahlman must be held liable for "so many documented lies" in contravention of the 31-SEM-02 contract. (*Id.*). It is not entirely apparent what statements made by Mahlman are lies. The only other references to Mahlman in Plaintiff's pleadings are his allegations that "I.I.S. Linnea Mahlman is refusing [Brown] grievances for" his thumb injury. (ECF No. 5 at 1). Similarly, Brown's allegations against Whitman in the Letter entail a single suggestion that Whitman "lied conserning [sic] [Brown's] hearing" and thereby denied him due process. (ECF No. 12 at 1). Abstract claims of "lying" do not pinpoint with specificity where the R&R was wrong and do not provide a basis for a § 1983 claim.

Additionally, Brown's Letter emphasizes his argument that Mahlman and Whitman must be held accountable for violating 31-SEM-02, which sets out internal ODRC policy on "Employee Standards of Conduct." *See Standards for Employee Policies*, OHIO DEP'T OF REHAB. & CORR., https://drc.ohio.gov/policies/employee-standards. To the extent that Brown's claims against Mahlman and Whitman (or any other defendant) turn on the provisions of 31-SEM-02, these are allegations of violations of state law, which fall outside the scope of § 1983. *See Neinast v. Bd. of Trustees of Columbus Metro. Lib.*, 346 F.3d 585, 597 (6th Cir. 2003); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (collecting cases).

Accordingly, this Court **OVERRULES** Brown's objections to the Magistrate Judge's recommendation regarding grievance procedure claims against Defendants Mahlman and Whitman.

## 2. *Conditions of Confinement Claim*

In Brown's Combined Complaint, he notes that he was placed "in a observation cell contaminate w/ blood and OC spray" on December 5, 2021, and in a "an inoperable cell" with a "leak from the pipe [] when someone else flushes toilet" the next day (and for nine days afterward). (ECF No. 11 at 29). The Magistrate Judge recommended that these claims be dismissed because the allegations do not rise to the level of an Eighth Amendment violation. (*See* ECF No. 9 at 20). Brown's Letter suggests that he disputes the Magistrate Judge's conclusion, but not her analysis: he discusses the conditions-of-confinement claim as one of the R&R decisions that he questions without identifying specific points of disagreement with the relevant facts or law as stated in the Report and Recommendation. (ECF No. 12 at 2). A general objection that does not raise specific issues has the same effect as a failure to object. *Howard*, 932 F.2d at 509.

Even if Brown had properly objected, the weight of § 1983 conditions-of-confinement jurisprudence is against his claim. Courts have typically found that temporary exposure to feces does not meet the objective component of the Eighth Amendment conditions of confinement test. *See Lamb v. Howe*, 677 F. App'x 204, 209–10 (6th Cir. 2017). Moreover, courts have been especially indifferent to allegations of overflowing toilets where the prisoner was not exposed to raw sewage or feces or where prison officers did not display deliberate indifference to the risks of harm from such exposure — neither of which Brown has alleged here. *See, e.g.*, *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) ("Thus, not every overflowed toilet in a prison amounts to a constitutional violation."). This approach, grounded in the Prison Litigation Reform Act, *see*

42 U.S.C. § 1997e(e), ignores the very real and serious psychological harms suffered by prisoners due to inhumane conditions of confinement, where those conditions do not also result in obvious physical harms. *See* Note, *The Psychology of Cruelty: Recognizing Grave Mental Harm in American Prisons*, 128 HARV. L. REV. 1250 (2015); *see also* Alexander A. Reinert, *Eighth Amendment Gaps: Can Conditions of Confinement Litigation Benefit from Proportionality Theory*, 36 FORDHAM URB. L.J. 53, 82–85 (2009). But as Brown's claim is not cognizable under current doctrine, this Court **OVERRULES** Brown's objections to the Magistrate's recommendation regarding his conditions-of-confinement claim.

### 3. *Excessive Force Claim Against John Doe*

The Magistrate Judge recommended that Brown's excessive force claim against John Doe Defendant be dismissed because "[t]here are simply not 'enough facts [in the Combined Complaint] to state a claim to relief that is plausible on its face.'" (ECF No. 9 at 13 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Specifically, the Magistrate Judge noted that Brown's description of the incident lacked any "information about Plaintiff's behavior, how John Doe perceived Plaintiff's behavior, how John Doe used force, or how the alleged injury occurred." (*Id.*). Brown's objection provides some of these details: he identifies the John Doe Defendant as Correctional Officer Jewell, notes that Jewell caused the thumb injury by bending it back, and writes that this incident occurred while Brown was shackled and handcuffed, was subject to roughhousing by Officers Murray and Willow, and was not resisting. (*See* ECF No. 12 at 2).

As Plaintiff's Letter (ECF No. 12) provides sufficient details fleshing out the contours of his excessive force claim,[2] this Court **SUSTAINS** Brown's objections: he may proceed with his excessive force claim against C/O Jewell.

### B. Temporary Restraining Order & Preliminary Injunction

Brown's Letter (ECF No. 12) does not provide a proper objection to the Magistrate Judge's recommendation that this Court deny Brown's Motion for TRO / PI (ECF No. 5). He re-states his concerns that he does not feel safe at SOCF and suggests that he is "literally hiding from certain staff." (ECF No. 12 at 3). These concerns were already included in the Motion for TRO/PI, wherein Brown explained that he "honestly fear[ed] that [his] life or person is not safe while [he] remain[s] at SOCF." (ECF No. 5 at 1). Similarly, his allegations of being called racial slurs in the Letter, though deplorable, mirror allegations to the same effect in his TRO motion. (*Compare id.*, *and* ECF No. 12 at 3). In short, Brown asks this Court to reconsider the Magistrate's recommendation without suggesting that the R&R misstated the law, overlooked or misunderstood the facts alleged in Brown's previous motion, or misapplied the law to those facts. Therefore, Brown's request for *de novo* review of the Magistrate Judge's recommendation that the Motion for TRO/PI be denied is not well-taken and is **DENIED**.

And ultimately, neither the Motion for TRO/PI nor Brown's Letter provide any specific allegations suggesting that "irreparable injury is *likely* in the absence of an injunction and not just a mere 'possibility.'" *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008); 11A CHARLES

---

[2] Although the facts alleged by Brown in his Letter (ECF No. 12) were not contained in his Combined Complaint (ECF No. 11), "when the pleadings are filed by pro se plaintiffs, the court may consider additional, supporting documents which either serve to elaborate on a complaint or amend the initial filing." *Tolliver v. Noble*, 752 F. App'x 254, 266 (6th Cir. 2018) (citations omitted). In light of Brown's *pro se* status, the Court includes Brown's additional factual allegations in his Letter (ECF No. 12) in its consideration of whether his claims should be dismissed pursuant to the initial screening required by 18 U.S.C. § 1915A(b).

ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2948.1 (3d ed. 1998) ("Thus, a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown."). To state an allegation of a likely injury, Brown must at minimum identify a particularized threat to himself, *Baird v. Hodge*, 605 F. App'x 568, 570 (7th Cir. 2015) (Rovner, J., dissenting) (arguing that a prisoner had established the likelihood of irreparable harm where "he has [] demonstrated that he individually has been singled out for such violence — both in the form of an actual attack and a threat of future violence"), where the threat is more than just an abstract possibility. He has not done so here.

Accordingly, this Court **ADOPTS** the recommendation that Brown's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5) be denied.

### IV. CONCLUSION

This Court has conducted an independent review of the pleadings and arguments. For the reasons discussed above, Brown's objections are **SUSTAINED IN PART** and **OVERRULED IN PART**. The Magistrate Judge's Report and Recommendation (ECF No. 12) is **ADOPTED WITH MODIFICATIONS**. Accordingly, Brown may **PROCEED** with his excessive force claim against John Doe, now identified as C/O Jewell and his retaliation claim against Dustin Deemer. Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**. Plaintiff's Motion for TRO and PI (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATE: December 19, 2022**