# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. BROWN,<br>  Plaintiff, | Case No. 1:22-cv-239<br>Marbley, C.J.<br>Litkovitz, M.J. |
| v. | **ORDER AND REPORT** |
| LINNEA MAHLMAN, *et al.*,<br>  Defendants. | **AND RECOMMENDATION** |

Plaintiff Michael D. Brown initiated this civil rights action under 42 U.S.C. § 1983 challenging various aspects of his incarceration at the Southern Ohio Correctional Facility (SOCF). This matter is before the Court on plaintiff's motion for summary judgment (Doc. 23). Defendants filed a response in opposition (Doc. 25). In lieu of a reply memorandum, plaintiff filed a letter to the Court (Doc. 29).

## I. Background

Brown, proceeding without the assistance of counsel, has filed a complaint, a supplemental complaint, and a combined complaint in this case (Docs. 4, 8, and 11). He has named more than twenty defendants, including named and unnamed corrections officers, SOCF administrators, the Director of the Ohio Department of Rehabilitation and Correction, and the Governor of Ohio. Brown alleges generally that he has been "harassed and antagonized," subjected to unnecessary uses of force, and denied access to legal services while at SOCF. (Doc. 11 at PAGEID 312). He attached without significant explanation a number of grievance forms, kites, handwritten notes to and from prison personnel, and informal complaint resolution forms to his combined complaint, many of which are illegible. (Doc. 11 at PAGEID 314-421). For varying reasons, the claims against all defendants have been dismissed, except for Brown's excessive force claim against corrections officer Jewell and his retaliation claim against

corrections officer Deemer. (Doc. 22).

Brown now moves for summary judgment (Doc. 23). In support of his motion for summary judgment, he submitted only two blank kite procedure forms and a declaration under penalty of perjury that his motion is true and accurate to the best of his knowledge. (Doc. 23 at PAGEID 462-464). In the letter Brown submitted on January 17, 2023, he makes several factual allegations that appear to involve defendants in his separate but related case, No. 2:21-cv-05146. (Doc. 29) (asserting allegations against defendants Cool, Raypool, Osbourne, and Farmer). In responding to Brown's motion for summary judgment, defendants state only that Brown has not demonstrated that he is entitled to summary judgment. (Doc. 25 at PAGEID 469).

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Id.*; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at

249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

A fact is "material" if its resolution will affect the outcome of the lawsuit. *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016), *aff'd,* No. 17-3088, 2017 WL 3726755 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 248). The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322. To make its determination, the court "need consider only the cited materials, but it may consider other

3

materials in the record." Fed. R. Civ. P. 56(c)(3). The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

### III. Plaintiff's Motion for Summary Judgment Should Be Denied at this Time

Two of Brown's claims survived initial screening pursuant to 28 U.S.C. § 1915A: (1) the Eighth Amendment excessive force claim against Jewell; and (2) the First Amendment retaliation claim against Deemer. (Doc. 22 at PAGEID 460). To be entitled to summary judgment, Brown must offer admissible evidence sufficient to demonstrate that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law on each element of his claims. Fed. R. Civ. P. 56(c).

#### A. Plaintiff has Failed to Offer Evidence to Establish his Eighth Amendment Claim

A convicted prisoner's right to be free from the use of excessive force by a prison official is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The "core judicial inquiry" whenever a prison official stands accused of using excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

4

sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Eighth Amendment excessive force claims include both a subjective and an objective component. *Cordell v. McKinney*, 759 F.3d 573, 580-81 (6th Cir. 2014); *see also White v. Erdos*, No. 21-3169, 2022 WL 554065 (6th Cir. Jan. 28, 2022). The subjective component focuses on the prison official's state of mind, while the objective component analyzes whether the pain inflicted on the prisoner was "sufficiently serious." *Cordell*, 759 F.3d at 580. In making this inquiry, the Court must consider the need for the use of force; the relationship between that need and the type and amount of the force used; the threat reasonably perceived by the responsible official; and the extent of the injury inflicted. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 320-321. Corrections officers do not violate a prisoner's Eighth Amendment rights when they use force "in a good-faith effort to maintain or restore discipline." *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell,* 93 F. App'x 723, 725 (6th Cir. 2004)) (defendant corrections officers applied force—spraying the prisoner with pepper spray—in a "good faith effort to maintain or restore discipline, not to maliciously cause pain," where the prisoner repeatedly disobeyed the officers' direct orders to "sit cross-legged on his bunk and face the wall").

"While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580-81 (citing *Wilkins*, 559 U.S. at 37). "When prison officials maliciously and sadistically use force to cause harm . . ., contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than

5

some arbitrary quantity of injury." *Wilkins,* 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9).  The absence of a serious injury is nonetheless relevant as a factor that suggests whether the use of force may "plausibly have been thought necessary" in a given situation.  *Id*. (quoting *Hudson,* 503 U.S. at 7).  "[D]e minimis uses of physical force do not satisfy the objective component, as long as the use of force is not of a sort repugnant to the conscience of mankind." *Bullocks v. Hale*, No. 20-3428, 2021 WL 1578198, at *2 (6th Cir. Mar. 1, 2021) (quoting *Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (internal quotation marks omitted).

In this case, Brown has failed to offer or identify any admissible evidence to demonstrate either the subjective or objective component of his Eighth Amendment claim.  Indeed, he has failed to offer even his own sworn declaration explaining the events leading to Jewell's use of force, the manner and degree of force used, or the specifics of his injury.  Accordingly, Brown's motion for summary judgment should be denied as to his Eighth Amendment claim against Jewell.

### B. Plaintiff has Failed to Offer Evidence to Establish his First Amendment Claim

To establish a First Amendment retaliation claim, a plaintiff must demonstrate:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).  As to the first element, incarcerated people have a First Amendment right to file non-frivolous grievances and lawsuits against prison officials, but an "inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a

grievance or a lawsuit and then claiming that everything that happens to him is retaliatory." *Id.* (quoting *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002)).

In his combined complaint, Brown alleged, "Since I've been in SOCF I've been harassed and antagonized by SOCF staff b/c of me attempting to sue RCI [Ross Correctional Institute] . . . I've been refused legal services on numerous occasions [and] been a victim of unnecessary u.o.f in which a c/o who gave me nerve damage didn't file a report and the admin. is not giving me his name so I can do what's proper." (Doc. 11 at PAGEID 312). At the summary judgment stage, however, Brown must actually submit evidence that he engaged in protected conduct (such as initiating lawsuits against RCI prison officials).

The second element requires proof of an adverse action taken against Johnson that would deter a person of ordinary firmness from continuing to engage in the protected conduct. While "some adverse actions are so *de minimis* that they do not rise to the level of a constitutionally cognizable injury," "'unless the claimed retaliatory action is truly "inconsequential," the plaintiff's claim should go to the jury.'" *Maben*, 887 F.3d at 266 (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)). Retaliatory cell searches and seizure or destruction of an inmate's legal papers or property have been held to satisfy the adverse action requirement. *Id.* at 267; *Bell*, 308 F.3d at 604. However, Brown has offered no admissible evidence establishing that such adverse actions were taken against him.

The third element requires plaintiff to demonstrate that the adverse action was motivated at least in part by plaintiff's protected conduct. *Maben*, 887 F.3d at 264. If the alleged retaliatory action occurred in close temporal proximity to the protected conduct, the timing alone may be "significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive." *Id.* at 268 (quoting *Muhammad v. Close*, 379 F.3d 413, 417-

7

18 (6th Cir. 2004)). Once a plaintiff establishes that his protected conduct was a motivating factor for the adverse action, the burden of production shifts to defendant. *Id.* at 267. "If the defendant can show that he would have taken the same action in the absence of the protected activity, [defendant] is entitled to prevail on summary judgment." *Id.* (quoting *Thaddeus-X*, 175 F.3d at 399).

In this case, Brown has failed to offer evidence that he engaged in protected conduct let alone that the protected conduct was a motivating factor in any adverse action. Therefore, the burden of production does not shift to defendant in this case, and plaintiff's motion for summary judgment should be denied as to his First Amendment claim against Deemer.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's motion for summary judgment (Doc. 23) be **DENIED** at this time.

**IT IS THEREFORE ORDERED THAT**:

The Clerk of Courts is **INSTRUCTED** to remove plaintiff's letter (Doc. 29) from this case and refile it in plaintiff's related case, No. 2:21-cv-05146.

Date: 2/27/2023

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL BROWN,<br>    Plaintiff, | Case No. 1:22-cv-239 |
| vs. | Marbley, C.J.<br>Litkovitz, M.J. |
| LINEA MAHLMAN, *et al.*,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).