UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL D. BROWN,
    Plaintiff,

v.

LINNEA MAHLMAN, *et al.*,
    Defendants.

Case No. 1:22-cv-239
Marbley, C.J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff Michael D. Brown initiated this civil rights action under 42 U.S.C. § 1983 challenging various aspects of his incarceration at the Southern Ohio Correctional Facility (SOCF). This matter is before the Court on plaintiff's motion for summary judgment (Doc. 37) and motion for disposition (Doc. 38). Defendants have not responded to either motion.

**I. Background**

Brown, proceeding without the assistance of counsel, filed a complaint, a supplemental complaint, and a combined complaint in this case (Docs. 4, 8, and 11). For varying reasons, the claims against all defendants have been dismissed, except for Brown's excessive force claim against corrections officer Jewell and his retaliation claim against corrections officer Deemer. (Doc. 22).

Brown then moved for summary judgment (Doc. 23). The Court determined that Brown had failed to offer sufficient evidence to warrant summary judgment and recommended that plaintiff's motion for summary judgment (Doc. 23) be denied. (Doc. 30). Plaintiff filed objections (Doc. 31) to the Court's Report and Recommendation, but those objections have not yet been resolved by the district judge.

On April 24, 2023, Brown mailed to the Clerk of Courts a document entitled "ReMotion for Summary Judgment" (Doc. 37) which the Clerk docketed as a motion for summary judgment.

Plaintiff's motion states in its entirety:

> I, Michael Brown, acting pro se file (refile) this motion for summary judgment due to after my objection an extension of time was granted to the defence [sic] . . . I humbley [sic] ask the court that my objections (Doc. #31) be the memorandum of facts for this re filing – I don't have a copy to send –

(Doc. 37 at PAGEID 520). The extension to which Brown refers requested only that the discovery deadline be extended until April 13, 2023 and the dispositive motion deadline be extended until May 13, 2023. (Doc. 34). The Court notationally granted the extension requested. (Doc. 35).

On May 8, 2023, Brown filed a document entitled "Motion for Disposition" (Doc. 38). The motion for disposition requests that the Court ask defendants a series of specific questions related to the underlying facts in this case. (Doc. 38 at PAGEID 525 and 527).

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Id.*; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

A fact is "material" if its resolution will affect the outcome of the lawsuit. *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016), *aff'd,* No. 17-3088, 2017 WL 3726755 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 248). The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate

3

the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322. To make its determination, the court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

**III. Plaintiff's Motion for Summary Judgment (Doc. 37) Should Be Denied at this Time**

Plaintiff's motion for summary judgment (Doc. 37) appears to be merely a request that the District Court grant his earlier motion for summary judgment (Doc. 23). For the same reasons that the Court recommended denying the previous motion for summary judgment, the Court recommends that the (re)motion for summary judgment be denied. (Doc. 30).

**IV. Plaintiff's Motion for Disposition (Doc. 38) Should Be Denied at this Time**

Plaintiff's motion for disposition (Doc. 38) seeks discovery from defendants. The Court is unable to discern whether plaintiff's motion contains his interrogatories (formal questions put to an opposing party to be answered under oath for use in litigation) or is intended to be a motion to compel defendants to answer interrogatories previously served on them. Either way, the motion for disposition must be denied at this time.

Pursuant to Rules 26 and 33, a party may ask up to 25 questions "regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 33(a) and Fed. R. Civ. P. 26(b)(1). Such questions are called "interrogatories" and must be served on defendants' counsel rather than submitted to the Court. Fed. R. Civ. P. 33(a)(1).

If, however, Brown has already served the interrogatories on defendants' counsel, and he intends his "motion for disposition" as a motion to compel, he has failed to satisfy Federal Rule of Civil Procedure and S.D. Ohio Civil Rule 37.1. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery* in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1) (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

There is no indication from plaintiff's motion that he first served his discovery requests on defendants' counsel, that defendants refused to comply with such requests, or that the parties attempted to resolve any dispute prior to filing the motion. Before plaintiff may file a motion seeking to compel discovery, he must contact defendants' counsel to attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must include in any

motion to compel discovery a certification setting forth the efforts he took to resolve the dispute before filing a motion.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's motion for summary judgment (Doc. 37) be **DENIED**.

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's motion for disposition (Doc. 38) is **DENIED**.

Date: 5/12/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL BROWN,
    Plaintiff,

vs.

LINEA MAHLMAN, *et al.*,
    Defendants.

Case No. 1:22-cv-239

Marbley, C.J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).