IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | Case No. 1:22-cv-00239 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| **LINNEA MAHLMAN,** *et al.*, | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff Michael Brown's First Motion for Summary Judgment (ECF No. 23), Second Motion for Summary Judgment (ECF No. 37), and Motion for Disposition (ECF No. 38). The Magistrate Judge issued a Report and Recommendation (ECF No. 30) on March 1, 2023, recommending that this Court deny the first motion, and a Report and Recommendation (ECF No. 43) on May 12, 2023, recommending that this Court deny the second and third motions. Plaintiff timely objected to both Reports.

Pursuant to the Rules of Civil Procedure, if a party objects within 14 days to the magistrate judge's proposed findings and recommendations, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." FED. R. CIV. P. 72(b). A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir.

1991)). When a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report[, which] has the same effects as would a failure to object." *Howard*, 932 F.2d at 509.

In the Magistrate Judge's first Report, she summarized the case as follows:

> Brown alleges generally that he has been "harassed and antagonized," subjected to unnecessary uses of force, and denied access to legal services while at SOCF. . . . For varying reasons, the claims against all defendants have been dismissed, except for Brown's [Eighth Amendment] excessive force claim against corrections officer Jewell and his [First Amendment] retaliation claim against corrections officer Deemer.

(R. & R. at 1–2, ECF No. 30) (internal citations omitted). Presently before this Court are three motions filed by Plaintiff: two motions for summary judgment and a motion for disposition.

Motions for Summary Judgment. The Magistrate Judge recommended that this Court deny Plaintiff's first summary judgment motion because Plaintiff had failed to present any evidence in support of his claims. More specifically, he had not explained "the events leading to Jewell's use of force, the manner and degree of force used, or the specifics of his injury," such that a court could analyze either the subjective or objective components of an Eighth Amendment claim, *see, e.g.*, *Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014), nor had he presented evidence that "he engaged in protected conduct" to meet his prima facie burden of proving a First Amendment retaliation claim. (R. & R. at 6, 8, ECF No. 30).

In Plaintiff's objections, he provides some narrative background about an incident in which "C/O Jewell applied a restraint technique and cause[d] nerve damage in my thumb" even though he was not resisting and about a second, unrelated incident where Deemer "maced me for no reason and just made my life hell when I was in his block." (Objections at 2, 3, ECF No. 31). Although this does add context about the circumstances of his allegations against Jewell, Plaintiff has still failed to present admissible evidence about that incident—a sworn declaration, for example, a

2

video recording of the use of force, or a medical report describing the injury caused. A litigant seeking summary judgment must demonstrate that "there is no genuine issue of material fact" and that she "is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002) (quoting FED. R. CIV. P. 56(c)). That is, summary judgment is not warranted simply because Plaintiff asserts that certain events happened, or because there is some evidence supporting his version of events; rather, he must show that the evidence in the record "is so one-sided that [he] must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Plaintiff has not done so.

And as to Plaintiff's allegations against Deemer, his objections do not establish that he engaged in protected conduct prior to Deemer allegedly macing him. To prove a First Amendment retaliation claim, a plaintiff must show that she "engaged in protected conduct," *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) (citation omitted), such as the filing of a lawsuit against prison officials. But while Plaintiff has previously sued prison officers in this Court, he has presented no evidence of when the alleged retaliation by Deemer occurred—and thus, no evidence that it was in response to or caused by his protected conduct. *See also id.* at 267.

In short, Plaintiff's objections fail to persuade this Court that the Magistrate Judge erred in recommending that his First Motion for Summary Judgment be denied. For the same reasons, this Court is also persuaded that the Magistrate Judge correctly recommended that this Court deny Plaintiff's Second Motion for Summary Judgment (ECF No. 37), which adds no new evidence or argument and instead only asks that this Court grant the first motion.

<u>Motion for Disposition</u>. Plaintiff has also filed a Motion for Disposition (ECF No. 38), in which he asks this Court direct certain questions to Deemer and Jewell. The Magistrate Judge, in recommending denial of this motion, observed that it is unclear whether Plaintiff's motion should

be construed as interrogatories or as a motion to compel. (*See* R. & R. at 4, ECF No. 45). If it is the former, the motion should be directed to counsel for Defendants, not to this Court; if it is the latter, the motion fails to satisfy the requirements of Rule 37. (*Id.* at 5). Construing Plaintiff's objections to the May 2023 Report liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), this Court reads the Motion for Disposition as an attempt to serve interrogatories on Deemer and Jewell. But a party must serve interrogatories directly upon opposing counsel, not via the court as an intermediary. *See* FED. R. CIV. P. 33(a)(1).

Accordingly, Plaintiff's objections are without merit. This Court **ADOPTS** the Magistrate Judge's February 2023 and May 2023 Reports and Recommendations (ECF Nos. 30, 43) and **DENIES** Plaintiff's First Motion for Summary Judgment (ECF No. 23), Second Motion for Summary Judgment (ECF No. 37), and Motion for Disposition (ECF No. 38). Plaintiff is **DIRECTED** to send his interrogatories (*i.e.*, his questions for Deemer and Jewell) directly to opposing counsel.

IT IS SO ORDERED.

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

DATED: August 16, 2023

4