IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN,** | : |
| **Plaintiff,** | : |
| | : Case No. 1:22-cv-239 |
| v. | : |
| | : Chief Judge Marbley |
| **LINNEA MAHLMAN,** *et al.*, | : |
| | : Magistrate Judge Karen Litkovitz |
| **Defendants.** | : |

### OPINION & ORDER

Before this Court is the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 60) on Defendants' Motion for Summary Judgment (ECF No. 39) and Plaintiff's "objection letter to the [D]efendant's summary judgment motion," (ECF No. 47) which the Magistrate Judge construed as a response to Defendants' motion. For the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's R&R in full. Accordingly, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's objections (ECF No. 62) to the R&R are **OVERRULED**.

### I. BACKGROUND

Acting *pro se*, Plaintiff brought this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights while he was incarcerated at the Southern Ohio Correctional Facility (SOCF). This Court has dismissed all claims except for Plaintiff's First Amendment retaliation claim against Defendant Dustin Deemer and Plaintiff's Eighth Amendment excessive force claim against Defendant William Jewell. (ECF No. 22).

#### A. Defendant Deemer

Plaintiff alleges that on October 23, 2021, Defendant Deemer harassed and threatened him and destroyed his personal property in retaliation for Plaintiff's corresponding lawsuit filed against

prison staffers at Ross Correctional Institution (RCI) (ECF No. 60 at 1). Specifically, Plaintiff alleges his toothpaste, deodorant, soap, lotion, mail, earbuds, and charger were torn apart or broken during a randomized cell search. (*Id.*). Additionally, Deemer allegedly "put a false ticket on" Brown and sprayed him with pepper spray for "no reason." (*Id.* at 2). Deemer denies harassing or threatening Plaintiff and claims he has no friends at RCI that elicited him to harm or retaliate against Plaintiff. (ECF No. 39 at 6).

### B. Defendant Jewell

Plaintiff initially alleged that on January 26, 2022, an unknown correctional officer (C/O) injured his left hand. (ECF No. 39 at 3). In subsequent filings, Plaintiff came to identify this C/O as Defendant Jewell and specified that his left thumb suffered nerve damage when Jewell allegedly bent it backward in order to restrain him, even though Plaintiff was shackled and handcuffed. (ECF No. 60 at 2). Jewell claims that he was at a different post in another part of the facility on this date, so he could not have been involved in this incident. (ECF No. 39-2).

Defendants Deemer and Jewell moved for summary judgment on each of their respective claims. (*Id.*). Liberally construed, Plaintiff filed a response to Defendants' motion. (ECF No. 47). On January 23, 2024, the Magistrate Judge issued her R&R, finding that summary judgment is appropriate for each claim and recommended that this Court to grant Defendants' motion. Plaintiff timely filed his objections to the R&R.

### II. STANDARD OF REVIEW

Summary judgment is granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party moves for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 251–52 (1986)). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52. There is no genuine issue for trial when the record as whole could not lead a rational trier of fact to find for the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968). In other words, the nonmovant "is required to present some significant probative evidence which makes it necessary to resolve the parties' different versions of the dispute at trial." *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank*, 391 U.S. at 288-89). A *pro se* litigant is not excused from his duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 Fed.Appx. 482, 485 (6th Cir.2010)); *see also Johnson v. Stewart,* No. 08–1521, 2010 U.S.App. LEXIS 27051, at *6–7 (6th Cir. May 5, 2010) (holding "[t]he liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage.").

When a party objects to a magistrate judge's report and recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. LAW AND ANALYSIS

**A. Plaintiff's First Amendment Claim of Retaliation Against Defendant Deemer**

Throughout his filings, Plaintiff alleges that he faced retaliation and harassment from Defendant Deemer because Deemer has "friends" at RCI who wanted Plaintiff harmed. (ECF No. 60 at 7-8). Plaintiff asserts that the search of his cell and the subsequent destruction of his property constituted the retaliation. (*Id.*). To make out a claim for retaliation under the First Amendment, Plaintiff must demonstrate: (1) the plaintiff engaged in protected conduct; (2) adverse action was taken against the plaintiff; and (3) the adverse action was at least partially motivated by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Filing a lawsuit is protected conduct under the First Amendment. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002) (citing *Thaddeus-X*, 175 F.3d at 396 n. 12).

Provided with no other context, the Magistrate Judge assumed that Deemer's supposed "friends" that Plaintiff repeatedly mentioned are the RCI correctional officers named as defendants in Plaintiff's other pending lawsuit before this Court. (ECF No. 60 at 8). However, the timeline of that independent suit renders Plaintiff's retaliation claim unviable: the cell search by Defendant Deemer occurred *before* Plaintiff filed his suit against RCI officers. Therefore, he cannot claim that he was retaliated against when he had not yet engaged in any protected conduct at the time of the search.

Plaintiff's objections do not alter this timeline, but instead support the Court's conclusion. Although Plaintiff is correct in noting that filing nonfrivolous grievances constitutes protected conduct under the First Amendment, his protected conduct against Deemer occurred *after* the alleged retaliation, not before. (ECF No. 62 at 2); *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). A plaintiff's protected conduct must

*precede* the retaliation. *See Thaddeus-X v. Blatter*, 175 F.3d at 386-87 ("The essence of [a retaliation] claim is that the plaintiff engaged in conduct protected by the Constitution . . . the defendant took an adverse action against the plaintiff, and *this adverse action was taken (at least in part) because of the protected conduct.*") (emphasis added). Accordingly, Plaintiff failed to satisfy the first element of his retaliation claim, and summary judgment is appropriate for Defendant Deemer.

Although he is spared from this claim, this Court takes a moment to remind Defendant Deemer, and prison officials generally, that "[t]he restraints and the punishment which a criminal conviction entails do not place the citizen beyond the ethical tradition that accords respect to the dignity and intrinsic worth of every individual." *Hudson v. Palmer*, 468 U.S. 517, 558 (1984) (Stevens, J., concurring). Here, the alleged unconstitutional retaliatory search occurred before Plaintiff filed suit against the officers. Deemer's search, while not retaliatory under the First Amendment in this case, does not sit well with this Court. Pouring toothpaste and lotion on Plaintiff's personal and legal mail in the hopes of locating "any possible contraband" seems at best, unnecessary, and at worst, spiteful. Considering that "personal letters, snapshots of family members, a souvenir, a deck of cards, a hobby kit, perhaps a diary . . . or even a Bible . . . may enable a prisoner to maintain contact with some part of his past and an eye to the possibility of a better future," Deemer's alleged actions fly in the face of the institutional goals of rehabilitation to which SOCF ought to aspire. *Id.* at 543. Although the facts in this case do not amount to constitutional violations, this Court pointedly reminds the Defendants that the "intentional harassment of even the most hardened criminals cannot be tolerated by a civilized society." *Id.* at 528, 530.

### B. Plaintiff's Eight Amendment Claim Against Defendant Jewell

After initially alleging that an unknown correctional officer harmed his left hand, Plaintiff later identified Defendant Jewell as the one who caused nerve damage to his left thumb while he was restrained and shackled. (ECF No. 22 at 8). He has filed an Eighth Amendment claim due to these injuries.

The Eighth Amendment prohibits cruel and unusual punishment against prisoners, including unnecessary and wanton inflictions of pain. *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1093 (6th Cir. 2019). The standard for analyzing an excessive force claim under the Eight Amendment requires a court to look at "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). A prisoner must satisfy an objective and subjective component to make out an excessive force claim under the Eighth Amendment. *Rafferty*, 915 F.3d at 1094.

Under the objective component, the pain inflicted must be "sufficiently serious." *Id.* This inquiry is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Supreme Court has found that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated…whether or not significant injury is evident." *Id.* at 9. At the same time, not every malevolent touch gives rise to a federal cause of action. *Id.* The Eighth Amendment excludes "*de minimis* uses of physical force[.]" *Rafferty*, 915 F.3d at 1094 (quoting *Hudson*, 503 U.S. at 9-10).

Under the subjective component, the inquiry focuses on the state of the mind of the prison officials. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). To determine whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for

the purpose of causing harm, a court considers several factors. *Hudson*, 503 U.S. at 6-7. These factors include: (1) the need for the use of force; (2) the relationship between that need and the type and amount of force used; (3) the threat reasonably perceived by the official; (4) the extent of the injury inflicted; and (5) any effort made to temper the severity of a forceful response. *Id.* at 7.

With his motion for summary judgment, Jewell submitted an affidavit swearing that he was not involved in the January 26, 2022 use of force incident involving Plaintiff. (ECF No. 39-2). Indeed, he declares that he was in another part of the facility altogether at the time of the incident and has reviewed the footage to confirm that he was in fact not involved. (*Id.*). Plaintiff offers no evidence rebutting this statement. In fact, Plaintiff seems to concede to the possibility of a misidentification in his objections. (ECF No. 62). Accordingly, this Court agrees with the Magistrate Judge's succinct disposition that "[b]ecause there is no evidence in the record tying Jewell to the January 26, 2022 use of force, Jewell is entitled to summary judgment on plaintiff's Eighth Amendment excessive force claim." (ECF No. 60 at 13).

Like the Magistrate Judge, this Court has reviewed the footage of the incident. Whether the video depicts an instance of excessive force with respect to Plaintiff's thumb is unclear, but this Court need not decide at this juncture whether an excessive force claim against a yet-unidentified "John Doe" defendant remains viable.

### C. Qualified Immunity

Because neither Deemer nor Jewell violated the Constitution, this Court need not reach the issue of whether they are entitled to qualified immunity.

### IV. CONCLUSION

Although Plaintiff "bet[s] that if a jury were to see the evidence [he] presented along with the defendant's rebuttals they'll concur that there was some form of misdoings," this Court cannot

allow these claims to go to a jury. (ECF No. 62 at 2). Ultimately, Plaintiff's factual assertions are not supported by admissible evidence. Without such evidence, Plaintiff cannot survive Defendants' motion for summary judgment. As such, Plaintiff's objections are **OVERRULED**. This Court **ADOPTS** the R&R in full and **GRANTS** Defendants' motion for summary judgment.

    **IT IS SO ORDERED.**

                                                                             **ALGENON L. MARBLEY**
                                                                             **CHIEF UNITED STATES DISTRICT JUDGE**

DATED:  March 29, 2024